IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re:
Martha Revis                                                    BK:     16-02415-KL1-13
3185 Tristan Dr, Franklin, TN 37064
xxx-xx-7672
Debtor

## NOTICE OF FILING AMENDED PROPOSED CHAPTER 13 PLAN

Comes the debtors through counsel and would give notice of amendment to the debtor's proposed Chapter 13 plan filed in connection with this bankruptcy case. The amended plan is attached hereto and incorporated by reference.

All notices issued in the case applicable to the original plan, including but not limited to the date of the proposed hearing on objections to confirmation of the proposed plan, shall be applicable to the amended plan. If an objection to the proposed Chapter 13 plan is timely filed, a hearing is set for 8:00 a.m. at the Customs House 701 Broadway, Room 100, Nashville, TN 37203.

Debtors' counsel will request that hearing be rescheduled for the next available hearing date at 8:00 a.m. in Customs House 701 Broadway, Room 100, Nashville, TN 37203 Objections to the amended plan by any creditor must be filed with the clerk of the U.S. Bankruptcy Court.

Respectfully submitted June 13, 2016.

    /s/ J. ROBERT HARLAN
    J. Robert Harlan - BPR No. 010466
    Harlan, Slocum & Quillen
    Attorney for the Debtor
    39 Public Square
    PO Box 949
    Columbia, TN 38402-0949
    Phone - 931/381-0660
    Fax - 931/381-7627
    bob@robertharlan.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have mailed a true and exact copy of the foregoing to Martha Revis, 3185 Tristan Dr, Franklin, TN 37064 all creditors, to parties requesting notices, to the Chapter 13 Trustee Henry E. Hildebrand, III and to the U.S. Trustee's Office, by electronic means if available or by placing the same in the U.S. Mail, postage pre-paid, June 13, 2016.

    /s/ J. ROBERT HARLAN
    J. ROBERT HARLAN - BPR No. 010466
    Harlan, Slocum & Quillen

____40____ number of copies mailed

Debtor  Martha Revis  
United States Bankruptcy Court for the   MIDDLE DISTRICT OF TENNESSEE   ☑ Check if this is an amended plan  
[Bankruptcy district]

Case number: _____

Official Form 113  
Chapter 13 Plan

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☑ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☑ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*

☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**  
$4,038.00  Monthly for 60 months

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**  
*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**  
*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

| Debtor | Martha Revis | Case number | |
|---|---|---|---|

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $245,118.60.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**
*Check one.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Community West Bank | 1226 A Lakeview Dr Franklin, TN 37064 Williamson County Micro Dermabrashion, Soltion Steamer, Towel Warmer, Wet Table, Vitamin Ultrasound Equipment, Computer, Towels, Skin Care Products, Shelving, Desk , Couch, Chairs, Pedicure Chair, Man | $1,672.95<br>Disbursed by:<br>☑ x Trustee<br>☐ x Debtor(s) | $1,672.95 | 0.00%e | PR | $102,049.95 |
| Ditech Financial LLC | 3185 Tristan Dr Franklin, TN 37064 Williamson County Home and Lot Located at 3185 Tristan Dr, Frankin, TN as described in that certain Deed as recorded in Book 4262 at Page 294-308 of the Williamson County Public Registry. Debtors dispute | $1,507.99<br>Disbursed by:<br>☑ x Trustee<br>☐ x Debtor(s) | $7,539.95 | 0.00%e | PR | $98,019.35 |

| Debtor | Martha Revis | Case number | |
|---|---|---|---|

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| The Bank of Nashville | 3185 Tristan Dr Franklin, TN 37064 Williamson County Home and Lot Located at 3185 Tristan Dr, Frankin, TN as described in that certain Deed as recorded in Book 4262 at Page 294-308 of the Williamson County Public Registry. Debtors dispute | $176.65<br>Disbursed by:<br>☑ x Trustee<br>☐ x Debtor(s) | $1,000.00 | 0.00%e | PR | $11,599.00 |

Insert additional claims as needed.

3.2 Request for valuation of security and claim modification. *Check one.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Santander Consumer USA | $14,000.00 | 2008 Toyota Highlander | $12,075.00 | $0.00 | $12,075.00 | 3.50% | $219.67 | $13,179.87 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

| Debtor | Martha Revis | Case number | |
|---|---|---|---|

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly play payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Cypress Financial Recoveries Avoid Judgment Lien 506 | 3185 Tristan Dr Franklin, TN 37064 Williamson County Home and Lot Located at 3185 Tristan Dr, Frankin, TN as described in that certain Deed as recorded in Book 4262 at Page 294-308 of the Williamson County Public Registry. Debtors dispute | $1,161.00 | 0.00% | 0.00 Disbursed by: ☑ Trustee ☐ Debtor(s) | 0.00 |
| Internal Revenue Service Avoid Tax Lien Pursuant to 506 | 1226 A Lakeview Dr Franklin, TN 37064 Williamson County commercial retail space at 1226 A Lakeview Dr, Franklin, TN as described in that certain Deed as recorded in Book 4235 at Page 838-858 of the Williamson County Public Registry. Debto | $44,397.00 | 0.00% | $0.00 Disbursed by: ☑ Trustee ☐ Debtor(s) | $0.00 |
| Portfolio Recovery Assoc Avoid Judgment Lien 506 | 3185 Tristan Dr Franklin, TN 37064 Williamson County Home and Lot Located at 3185 Tristan Dr, Frankin, TN as described in that certain Deed as recorded in Book 4262 at Page 294-308 of the Williamson County Public Registry. Debtors dispute | $2,532.00 | 0.00% | 0.00 Disbursed by: ☑ Trustee ☐ Debtor(s) | 0.00 |

*Insert additional claims as needed.*

3.4 Lien avoidance

    Check one.
    ☑  **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

    Check one
    ☑  **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

Debtor   Martha Revis                         Case number

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$0.00**

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,000.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*
☑ **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.
☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☐ The sum of $
☑   1  % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $  41,911.80  . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims.  Check one.**

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**
  Class 1  Filing Fee
  Class 2  Notice Fee
  Class 3  Attoney Fee, Cont Mortgage Payments

Debtor    Martha Revis                                    Case number

    Class 4  Secured Creditors
    Class 5  Mortgage Arrears
    Class 6  General Unsecured Creditors
    Class 7  1305 Post Petition Claims

## Part 8:   Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*
☐ plan confirmation.
☑ entry of discharge.
☐ other: _____

## Part 9:   Nonstandard Plan Provisions

*Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below.*

**Post Petition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinate to the payment of unsecured claims as provided in paragraph 3 of the confirmation order.**

**Part 4.3** - **Additional Provisions - Provisions related to payment of priority administrative claim for fees payable to the attorney for the debtor(s).**

The attorney for the Debtor(s) shall be paid $4,000.00 as follows $200.00 per month. Debtor's Counsel moves the Court for an Order requiring disbursal of funds on hand with the Chapter 13 Trustee on the date of first disbursal after confirmation of the plan to pay the attorney fee claim to the extent those funds exceed the amount needed to pay ongoing domestic support obligations, adequate protection payments on secured claims, the filing fee, and trustee allowed commissions, and the first monthly payment to other creditors due under the plan . Debtor's Counsel requests a one time payment at confirmation of the plan equal to the amount of the allowed fee claim.

**Part 3.1 - Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5).**

Post-confirmation payments listed below shall be maintained consistent with the underlying agreement, commencing with the first payment due after confirmation. If the Trustee disburses these payments, any payment may be adjusted by the Trustee as necessary to reflect changes in interest rates, escrow payments or other matters. The Trustee shall notify the Debtor(s) and the attorney for the Debtor(s) of any change at least seven days prior to effecting such change.

**(a)** Confirmation of this Plan imposes upon any claimholder treated under § 3.1 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges. (iii) Not less than 21 days prior to the effective date of any change in monthly mortgage payments, notify the Trustee, the Debtor(s) and the attorney for the Debtor(s) in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgage and the effective date of any such adjustment or any change in the property taxes, property insurance premiums or other fees or charges that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment. (iv) Notify the Trustee, the Debtor(s) and attorney for the Debtor(s), in writing, of any protective advances or other charges incurred by the claimholder, pursuant to the mortgage agreement, within 60 days of making such protective advance or other charge .

Confirmation of this Plan shall impose upon any claimholder listed in Part 3.1 the obligation to:

- Apply the payments received from the trustee on pre-confirmation arrearages only to such arrearages. For purposes of this Plan, the "pre-confirmation" arrearage shall include all sums included in the allowed proof of claim plus any post-petition pre-confirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.
- Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to

Debtor    Martha Revis                                   Case number

the plan, shall not be subject to late fees, penalties or other charges.

> The trustee may adjust the postconfirmation regular payments noted in Part 3.1 and payments to the plan in Part 2 in accordance with a Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1 upon filing a notice of such adjustment with the court and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee.

The trustee is authorized to pay any postpetition fees, expenses, and charges, notice of which is filed pursuant to Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage claim noted in Part 3.1.

**Part 10: Signatures:**

X  /s/ J. Robert Harlan                       Date  April 4, 2016
   J. Robert Harlan
**Signature of Attorney for Debtor(s)**

X  /s/ Martha Revis                           Date  April 4, 2016
   Martha Revis

X                                             Date

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

Debtor    Martha Revis                                              Case number

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | $211,668.30 |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | $13,179.87 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | $3,693.00 |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | $0.00 |
| e. | **Fees and priority claims** (Part 4 total): | $16,256.20 |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | $11.23 |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | $0.00 |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | $0.00 |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | $0.00 |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)   + | $0.00 |
| | **Total of lines a through j** | $244,808.60 |

MARTHA REVIS
3185 TRISTAN DR
FRANKLIN TN 37064

J. ROBERT HARLAN
HARLAN, SLOCUM & QUILLEN
39 PUBLIC SQUARE
PO BOX 949
COLUMBIA, TN 38402-0949

AMERICAN EXPRESS
ATTN: CUSTOMER SERVICE
PO BOX 297812
FORT LAUDERDALE FL 33329-7812

ASSET ACCEPTANCE
PO BOX 2036
WARREN MI 48090

BANK OF AMERICA
INQUIRIES
PO BOX 15026
WILMINGTON DE 19850-5026

CAPITAL MANAGEMENT SERVICES
698 1/2 SOUTH OGDEN ST.
BUFFALO NY 14206

CENTENNIAL PEDIATRICS
310 25TH AVE. N. STE. 201
NASHVILLE TN 37203

CHASE
ACCOUNT INQUIRIES
PO BOX 15298
WILMINGTON DE 19850-5298

CHEADLE LAW
2404 CRESTMOOR ROAD
NASHVILLE TN 37215

COMMUNITY WEST BANK
445 PINE AVE
GOLETA CA 93117

COOL SPRINGS FAMILY MEDICINE
4091 MALLORY LANE STE 118
FRANKLIN TN 37064

CYPRESS FINANCIAL RECOVERIES
C/O THOMPSON & BOOTH
PO BOX 11463
KNOXVILLE TN 37939

```
DITECH FINANCIAL LLC
PO BOX 6172
BOVEY MN 55709

FANNIE MAE
3900 WISCONSIN AVE NW
WASHINGTON DC 20016-2892

FIA CARD SERVICES
BILLING INQUIRIES
PO BOX 15026
WILMINGTON DE 19850-5026

HEALTHCARE RECEIVABLES GROUP
P O BOX 10168
KNOXVILLE TN 37939-0168

INTERNAL REVENUE SERVICE
CORRESPONDENCE-BR
PO BOX 7346
PHILADELPHIA PA 19101-7346

MACY'S
BILLING INQUIRIES
PO BOX 8066
MASON OH 45040

MIDLAND CREDIT MANAGEMENT
ATTN: CORRESPONDENCE
8875 AERO DRIVE, STE 200
SAN DIEGO CA 92123-8131

NAB
PO BOX 198988
NASHVILLE TN 37219

NATHAN L. HORTON, ESQ.
PORTFOLIO RECOVERY ASSOCIATES
140 CORPORATE BLVD
NORFOLK VA 23502

NORTHLAND GROUP
PO BOX 390846
MAIL CODE CPV1
EDINA MN 55439

ONE HUNDRED OAKS IMAGING
719 THOMPSON LANE STE 23300
BRENTWOOD TN 37024

PATHGROUP
5301 VIRGINIA WAY, STE 300
BRENTWOOD TN 37027
```

```
PORTFOLIO RECOVERY
PO BOX 12914
NORFOLK VA 23541

PORTFOLIO RECOVERY ASSOC
CORRESPONDENCE
140 CORPORATE BLVD
NORFOLK VA 23502

SANTANDER CONSUMER USA
ATTN: BANKRUPTCY DEPT.
PO BOX 560284
DALLAS TX 75356-0284

SMYTHE & HUFF
144 2ND AVE N STE 333
NASHVILLE TN 37201

SYNCHRONY BANK/CARE CREDIT
ATTN: BANKRUPTCY DEPARTMENT
PO BOX 965061
ORLANDO FL 32896-5061

SYNCHRONY BANK/JCPENNEY
ATTN: BANKRUPTCY DEPARTMENT
PO BOX 965061
ORLANDO FL 32896-5061

SYNOVUS BANK
2204 LAKESHORE DRIVE, SUITE 325
BIRMINGHAM AL 35209

THE BANK OF NASHVILLE
401 CHURCH ST
NASHVILLE TN 37219

THE HOME DEPOT
PO BOX 790328
SAINT LOUIS MO 63179

US BANK
ATTN: CARDMEMBER SERVICE
PO BOX 6335
FARGO ND 58125-6335

VANDERBILT MEDICAL GROUP
DEPT AT 40211
ATLANTA GA 31192-0211

WELLS FARGO FINANCIAL CARDS
INQUIRIES
PO BOX 5943
SIOUX FALLS SD 57117-5943
```

```
WILLIAMSON COUNTY CIRCUIT & GENERAL SESS
135 FOURTH AVENUE SOUTH
FRANKLIN TN 37064

WILLIAMSON COUNTY GENERAL SESSIONS COURT
PO BOX 1666
FRANKLIN TN 37064-1666

WILLIAMSON MEDICAL CENTER
4321 CAROTHERS PARKWAY
FRANKLIN TN 37067

WILSON & ASSOCIATES
CREEKSIDE CROSSING III
8 CADILLAC DRIVE, STE 120
BRENTWOOD TN 37027
```